IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT DARREN MOORE, #20004377,   )<br>           Movant,                    )<br>vs.                                )     No. 3:20-CV-1546-N<br>                                   )     No. 3:18-CR–0592-N<br>UNITED STATES OF AMERICA,          )<br>           Respondent.             )     Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion Under 28 U.S.C. §2255, To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody*, received on June 8, 2020 (doc. 2). Based on the relevant filings and applicable law, the motion should be **DISMISSED** without prejudice.

**I. BACKGROUND**

Robert Darren Moore (Movant) challenges his federal conviction in Cause No. 3:18-CR-592-N. The respondent is the United States of America (Government).

On October 16, 2018, Movant was charged by complaint with bank robbery in violation of 18 U.S.C. § 2113, and on November 20, 2018, he was indicted for that same offense as well as for a second bank robbery. (*See* docs. 1, 3.)[2] He entered a plea of guilty to the first robbery on September 3, 2019, and he was sentenced to 168 months' imprisonment by judgment dated January 17, 2020. (*See* docs. 26-30, 40.)[3] On January 24, 2020, Movant filed a notice of appeal in this case.

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for full case management.

[2] All document numbers refer to the docket number assigned in the underlying criminal action.

[3] On September 3, 2019, Movant also entered a plea of guilty to an indictment charging him with another bank robbery in the Eastern District of Texas, Sherman Division, which had been transferred to this district by consent for purposes of pleading guilty. *See* No. 3:18-CR-432-N. He was also sentenced in that case by judgment dated January 17, 2020, to 168 months' imprisonment, to run concurrently with the sentence imposed in this case. (*See id.*)

(*See* docs. 42.)[4]  The judgment was amended two days later, on February 7, 2020, to update the restitution language.  (*See* doc. 47.)  His direct appeal is currently still pending in the Fifth Circuit.  *See United States v. Moore*, No. 20-10108 (5th Cir.).

On June 8, 2020, Movant's motion to vacate under § 2255, in which he alleges that his attorneys provided ineffective assistance of counsel, was received.  (*See* doc. 59.)

## II.  SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).  It is well established that "a collateral challenge may not do service for an appeal."  *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

The Fifth Circuit has long held that motions to vacate under § 2255 are "not entitled to consideration on the merits" when the direct appeal remains pending.  *See Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972).  District courts "should not entertain a § 2255 motion during the pendency of a direct appeal because 'the disposition of the appeal may render the motion moot.'" *United States v. Soliz*, No. 3:98-CV-3058-P, 1999 WL 420614, *1 (N.D. Tex. June 22, 1999).  Because Movant's appeal remains pending before the Fifth Circuit, this Court should not entertain his motion to vacate and should summarily dismiss it as provided by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts without prejudice to re-filing once his conviction becomes final.  *See Clay v. United States*, 537 U.S. 522, 525, 527 (2003) (a federal

---

[4]He moved to vacate that notice by motion filed on February 5, 2020.  (*See* doc. 45.)

prisoner's conviction is final for purposes of limitations either when the Supreme Court denies a petition for certiorari or, if a petition for certiorari is not filed, when the time for filing a petition expires).

### III.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DISMISSED WITHOUT PREJUDICE** to re-filing once Movant's conviction becomes final.

**SO RECOMMENDED** on this 15th day of June, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE